MORGAN, LEWIS & BOCKIUS LLP
Anne Marie Estevez*
600 Brickell Avenue, Suite 1600
Miami, FL 33131
T: (305) 415-3000
F: (305) 415-3001
annemarie.estevez@morganlewis.com

Stephanie Schuster*
Jason Y. Siu (SBN 324147)
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004-2541
T: (202) 739-3000
F: (202) 739-3001
stephanie.schuster@morganlewis.com
jason.siu@morganlewis.com

*pro hac vice application to be filed

*Attorneys for Defendant HSN, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERLA MAGENO, an individual, | Case No. 21-cv-3877 |
| *Plaintiff*, | |
| v. | **NOTICE OF REMOVAL** |
| HSN, INC., a Delaware corporation; and DOES 1 through 10, inclusive, | |
| *Defendants*. | |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1441 and 1446, and asserting original federal jurisdiction under 28 U.S.C. § 1332(a), Defendant HSN, Inc., by and through counsel, hereby removes the above-entitled action from the Superior Court of the State of California, for the County of Los Angeles, Case No. 21GDCV00447, to the United States District Court for the Central District of California. In support of removal, Defendant states the following:

## JURISDICTION AND VENUE

1. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a). There is complete diversity of citizenship between the parties; Defendant is not a citizen of the state where the action was brought; and the amount in controversy exceeds $75,000. This action, therefore, is removable under 28 U.S.C. §§ 1332(a) and 1441(a)–(b).

2. Removal to the United States District Court for the Central District of California is proper because this District embraces the Superior Court of the State of California, for the County of Los Angeles, in which this action was commenced. *See* 28 U.S.C. § 1441(a).

## STATE COURT ACTION

3. On March 30, 2021, Plaintiff Perla Mageno filed a complaint in the Superior Court of the State of California for the County of Los Angeles, Case No. 21GDCV00447.

4. On April 8, 2021, Plaintiff served a copy of the complaint and summons upon Defendant. Ex. A.[1]

5. No further proceedings have been had in the state court action.

---

[1] All exhibits cited in this notice of removal are exhibits to the accompanying Declaration of Jason Y. Siu.

6. In the complaint, Plaintiff asserts a claim against Defendant under the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 *et seq.*, based upon allegations that Defendant's website is not fully accessible to persons with disabilities.

7. For relief, Plaintiff seeks (i) a declaratory judgment; (ii) injunctive relief, though "Plaintiff expressly limits the cost of injunctive relief sought to $50,000 or less," Ex. A ¶ 49; (iii) "statutory minimum damages pursuant to [Cal.] Civil Code § 52 for each and every offense," though Plaintiff "expressly limits the amount of money such that the total amount Plaintiff seeks … for each and every offense shall not exceed $24,999.00," *id.* ¶ 50; (iv) "[a]n additional award of $4,000.00 as deterrence damages." *id.* at 13 (Prayer ¶ 6); and (v) an award of "reasonable attorneys' fees and costs, *id.* ¶ 51; *accord id.* at 12–13 (Prayer ¶¶ 1–7).

## TIMELINESS

8. Removal is timely because Defendant filed this notice within 30 days of its receipt of the complaint. *See* 28 U.S.C. § 1446(b)(1).

## GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

9. Under 28 U.S.C. § 1332(a), this Court has original jurisdiction over this action because it is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendant is not a citizen of California, the state in which this action was commenced, so this action is removable under 28 U.S.C. § 1441(a)–(b).

### COMPLETE DIVERSITY OF CITIZENSHIP

10. Complete diversity exists when plaintiffs and defendants are citizens of different states. 28 U.S.C. § 1332(a)(1).

11. An individual is a citizen of the state in which he is domiciled. *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). Plaintiff is domiciled and resides in California. Ex. A ¶ 7.

12. A corporation is a citizen of the state where it was incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is a Delaware corporation, with its principal place of business in Florida. Defendant, therefore, is a citizen of Delaware and Florida, not California.[2]

13. The complaint also names as defendants "DOES 1 through 10." For purposes of removal, "[t]he citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

## AMOUNT IN CONTROVERSY

14. The amount in controversy in this litigation exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

15. The amount in controversy equals the sum of the damages claimed (including statutory penalties), the value of the injunctive relief sought, and where recoverable by statute, reasonable attorneys' fees. *See, e.g., Guglielmo v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Here, those inputs sum up to more than $75,000:

  (a) Plaintiff seeks "statutory minimum damages" in an amount no greater than **$24,999**. Ex. A ¶ 50; *id.* at 12 (Prayer ¶ 5).

  (b) Plaintiff seeks "additional … deterrence damages" of **$4,000** per violation. *Id.* at 12 (Prayer ¶ 6).

  (c) Plaintiff seeks an injunction, the value of which she purports to limit to **$50,000**. *Id.* ¶ 49; *see id.* at 12 (Prayer ¶¶ 2–3).

  (d) Plaintiff also seeks attorneys' fees, *id.* ¶ 51; *id.* at 13 (Prayer ¶ 7), which are recoverable by prevailing plaintiffs under the Unruh Act and, therefore,

---

[2] In the complaint, Plaintiff correctly alleges that Defendant is a Delaware corporation but incorrectly alleges that Defendant maintains its principal place of business in New York. *See* Ex. A ¶ 15.

material to the amount-in-controversy calculation, see Cal. Civ. Code § 52(a); *Galt*, 142 F.3d at 1155–56.

16. The sum of lines (a)–(d)—the relief as framed by Plaintiff in her complaint—exceeds $75,000, exclusive of interest and costs.  The same is true of the sum of lines (a), (b), and (c) (at least $78,999), and the sum of lines (a), (c), and (d) ($74,999 plus at least $2 in attorneys' fees).  *See, e.g.*, *Perri v. CA 199 Arcadia Owner LLC*, 2020 WL 6939839, at *8 (C.D. Cal. Nov. 24, 2020) (Plaintiff's counsel, Joseph R. Manning, Jr., sought fees at $450 per hour for his time and $375 per hour for his associate's time in a website accessibility case).

17. In addition, Plaintiff's attempt to limit the value of the injunction she seeks is largely irrelevant.  Plaintiff seeks a permanent injunction requiring Defendant to make its website "readily accessible and usable by" persons with vision impairments.  Ex. A at 12 (Prayer ¶ 3).  From Defendant's perspective, if such an injunction is necessary (which Defendant disputes), the costs to Defendant of such an injunction would be significantly more than $50,000, and may themselves exceed $75,000.  Maintaining an accessible and usable website requires regular (annual or semi-annual), time-intensive manual testing; additional testing during each update or overhaul; and access to costly, often subscription-based testing tools and assistive technologies or expensive third-party consultants.

## NOTIFICATIONS & NON-WAIVER

18. Defendant will promptly serve Plaintiff with this notice of removal and file a copy of the same with the clerk of the Superior Court of the State of California, for the County of Los Angeles, in accordance with 28 U.S.C. § 1446(d).

19. Defendant reserves all defenses and objections it may have to this action.

## CONCLUSION

For the foregoing reasons, this action is properly removed to this Court.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

Dated: May 7, 2021

By: *s/ Jason Y. Siu*
Anne Marie Estevez*
Stephanie Schuster*
Jason Y. Siu (SBN 324147)

*Attorneys for Defendant HSN, Inc.*

**pro hac vice* application to be filed

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 7th day of May, 2021, a copy of the Notice of Removal was served, via Federal Express overnight, on counsel for Plaintiff at the following address:

Joseph R. Manning, Jr.
Manning Law, APC
20062 SW Birch Street, Ste. 200
Newport Beach, CA 92660

Dated:  May 7, 2021                             By: *s/ Jason Y. Siu*
                                                                    Jason Y. Siu